**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **DETENTION ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Curtis Aldin Starr, Jr., | ) | |
| | ) | Case No. 4:14-cr-232 |
| Defendant. | ) | |

On January 21, 2015, the court held a detention hearing in the above-captioned case. AUSA Rick Volk appeared on the government's behalf. Attorney Tyrone Turner appeared on defendant's behalf. Based on the information in the Pretrial Services Report and the information proffered by the government and defendant, the court found that the government had proved by a preponderance of the evidence that defendant was a flight risk and that the government had proved by clear and convincing evidence that defendant posed a danger to the community.

The court did not make a final decision whether defendant should be detained or released subject to conditions pending trial. This was in part because the Pretrial Services Report did not include defendant's tribal criminal history, which had been requested but could not be obtained in advance of the hearing.

Based on the available information, the court concluded that no alternative less restrictive than detention is appropriate at this time. Among the reasons for detention were the nature of the charged conduct; defendant's history of alcohol abuse, which included evidence that defendant consumed a substantial amount of alcohol shortly before his arrest and suffered alcohol-related withdrawals after his arrest; and the evidence that defendant's alcohol use may have played a role

1

in the instant offense.

The court directed the Pretrial Services Officer to make continued efforts to obtain defendant's tribal history and to investigate the possibility of placing defendant at a residential facility. Following a period of detention and upon the court's having had an opportunity to review defendant's tribal criminal history, the court may consider the less restrictive alternative of either release to a residential facility or release to defendant's residence.

Accordingly, until further of order of the court, defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge